THE PEOPLE OF THE STATE OF NEW YORK ex rel. BERNARD ALI, Also Known as STAN WILLIAMS, Appellant, *v.* J. EDWARD LA VALLEE, as Warden of Clinton Prison, Respondent.

Third Department, March 16, 1971.

*Arnold C. Peer* for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Frederick R. Walsh* and *Ruth Kessler Toch* of counsel), for respondent.

COOKE, J. This is an appeal from a judgment of the Supreme Court at Special Term, entered May 21, 1970 in Clinton County, which dismissed a writ of habeas corpus after a hearing.

On January 19, 1968, relator, then the defendant, was convicted in the Criminal Court of the City of New York of the misdemeanor of criminally possessing a hypodermic instrument and was certified to the Narcotic Addiction Control Commission. On May 9, 1969, having been previously brought to Schenectady County from Rikers Island while in the custody of said commission, relator, also then a defendant, pleaded guilty to the charges of feloniously selling a narcotic drug and unlawful possession of a hypodermic needle, in satisfaction of these and other indictment counts charging narcotic violations. On May 14, 1969, relator's 1968 conviction was reversed by the Appellate Term and the case remitted to the Criminal Court for trial by jury on the issue of whether he was a narcotic addict. On June 30, 1969, he was sentenced in the Schenectady County Court to an indeterminate term of 7 to 10 years for the felonious selling of narcotic drugs, sentence being suspended for the unlawful possession of the hypodermic needle. On July 1, 1970 in New York City, according to information annexed to respondent's brief, relator was again certified as a narcotic addict.

Section 207 of the Mental Hygiene Law provides, in part, that every person charged with a narcotics violation who "while in

custody or when he appears before the court, shall state, indicate or show symptoms, or it otherwise appears, that he is a narcotic addict, shall undergo a medical examination to determine whether he is a narcotic addict." Section 208 provides, in part, that where a defendant has undergone an examination pursuant to section 207, "the court shall not impose sentence prior to receiving the report of such medical examination."

At the time relator appeared in Schenectady County Court and entered pleas of guilt to narcotics charges, he was certified as a narcotic addict and had been in the care and custody of the commission at the rehabilitation center on Rikers Island (see *People ex rel. Blunt* v. *Narcotic Addiction Control Comm.*, 58 Misc 2d 57, 58, affd. 31 A D 2d 718, affd. 24 N Y 2d 850). He informed the court that its information that, before coming to Schenectady to answer the charges, he was being given treatment under the Narcotic Control Commission was correct and, further, that he was not a narcotic addict at the time of said plea or at the time the crimes were committed. At the time of and prior to sentencing, his attorney stated that relator was certified over a year previously as a drug addict, had served 15 months at Rikers Island as emotionally dependent on drugs and undoubtedly the "crime" to which he pleaded guilty was a product of drug addiction. At that time the Judge stated that the probation report indicated that relator had had previous connection with drugs. The court's awareness of relator's certification to and treatment by or on behalf of the Narcotic Addiction Control Commission and the absence of an indication of his rehabilitation, since he was not discharged by the commission (see Mental Hygiene Law, § 208, subd. 4, par. a) or even placed in aftercare supervision or treatment (see Mental Hygiene Law, § 212), fulfills the section 207 requirement that "it otherwise appears" that he is a narcotic addict.

The procedures, as so outlined in sections 207 and 208 of the Mental Hygiene Law, are mandatory (*People* v. *Rosser*, 36 A D 2d 35; *People* v. *Odom*, 32 A D 2d 651). Although relator responded to the Trial Judge that he was an addict, section 207 is concerned not only with what the charged person "shall state" but specifically requires an examination where "it otherwise appears, that he is a narcotic addict." In *Rosser*, we held that the contention that defendant consented to the sentencing and waived objection as to noncompliance with these sections was unavailing, in view of the mandatory nature of the statutory provisions. The program provided by article 9 of the Mental Hygiene Law, of which these sections are a part, is designed

not only to assist narcotic addicts but to protect society, as well (Mental Hygiene Law, § 200; *Matter of James,* 22 N Y 2d 545, 551).

The necessity for an examination did not become moot because the 1968 conviction was reversed prior to sentencing, the reversal not being determinative as to relator's addiction since the case was remitted to Criminal Court for a jury trial to ascertain whether he was an addict. Although paragraph b of subdivision 4 of section 208 of the Mental Hygiene Law imposes discretion in the court in the imposition of felony sentence, it only becomes operative when the court has followed the mandatory provisions, which include an examination (see 32 Albany L. Rev., 360, 366–367). To allow a court to dispense with an examination and determination of addiction, under the guise of discretion in sentencing, would render the statute ineffectual where the crime involved is a felony.

The judgment should be reversed, on the law and the facts, without costs, and the writ of habeas corpus sustained to the extent that the criminal case is remitted to the County Court of Schenectady County for resentencing in accordance with the procedures mandated by sections 207 and 208 of the Mental Hygiene Law.

HERLIHY, P. J., STALEY, JR., SWEENEY and SIMONS, JJ., concur.

Judgment reversed, on the law and the facts, without costs, and the writ of habeas corpus is sustained to the extent that the criminal case is remitted to the County Court of Schenectady County for resentencing in accordance with the procedures mandated by sections 207 and 208 of the Mental Hygiene Law.