■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LODOVICO MARANEZ, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered March 22, 1971, convicting him of robbery in the second degree, upon a plea of guilty, and sentencing him to an indeterminate term of imprisonment not to exceed seven years. Judgment reversed on the law, and case remitted to the Criminal Term for resentence in accordance with sections 207 and 208 of the Mental Hygiene Law. Defendant was charged with a felony and appeared to be addicted to heroin (see Mental Hygiene Law, § 207). "Accordingly, he could not be sentenced until there was compliance with sections 207 and 208 of the Mental Hygiene Law which require, *inter alia,* that the court order a physical examination to determine if defendant is an addict and have the report of the examination before it prior to rendering judgment" (*People* v. *Largue,* 38 A D 2d 833; *People* v. *Sczerbaty,* 37 A D 2d 428; *People* v. *Odom,* 32 A D 2d 651; *People ex rel. Ali* v. *La Vallee,* 36 AD 2d 140; *People* v. *Rosser,* 36 A D 2d 35; *People* v. *Woodward,* 36 A D 2d 1018; *People* v. *Smith,* 37 A D 2d 798). In addition, defendant is entitled to the opportunity to admit, deny or stand mute on the issue of addiction (Mental Hygiene Law, § 208, subd. 1; *People* v. *Roston,* 37 A D 2d 624). Martuscello, Acting P. J., Latham, Christ and Brennan, JJ., concur; Benjamin, J., dissents in the following memorandum: I see no point in reversing and remitting for resentence because of technical noncompliance with Mental Hygiene Law (§§ 207, 208), since that would merely put defendant into a revolving door and he would come out in exactly the same place. At a *Huntley* hearing held before defendant pleaded guilty, he testified that he was a drug addict. When he pleaded guilty (before the same Judge who had held the *Huntley* hearing), the Judge indicated that he would impose a jail sentence. At sentencing (before the same Judge), defense counsel said that defendant had a drug problem and that he should get as short a jail sentence as possible; he did *not* request NACC. The probation report shows that defendant was examined in the Nassau County Jail and certified as an addict three months before he pleaded guilty. That report also shows that defendant had a long record of burglaries, larcenies, drugs and robbery; and that he had previously tried civil drug centers in New York and California, but they had not helped him. Defendant's brief on appeal does not contend that sections 207 and 208 of the Mental Hygiene Law, were not complied with; it merely argues that NACC would have been more appropriate than a jail sentence, and thus concedes that he is an addict. It is clear from this record that at the time of sentence everyone (the court, prosecutor, defense counsel and defendant) knew that defendant was an addict and was being sent to jail, *not* NACC, despite that fact; and that defendant acquiesced in that

type of sentence, and did not request NACC, but merely asked that it be a shorter jail sentence. It is also clear that the jail sentence, instead of NACC, was a proper exercise of the court's discretion, in view of defendant's record and previous lack of success with civil drug centers; and there is ample material in this record (colloquies at plea and sentence, and the probation report) for a review by us of that exercise of discretion. In light of these facts, I see no point in remitting for resentence, so that defendant can again concede that he is an addict and the court can again impose the same jail term as it did originally. In the recent case of *People* v. *Crafton* (38 A D 2d 833), we were confronted with the same situation as in the present case; by a 4 to 1 vote (Shapiro, Gulotta, Christ, Benjamin, JJ.; Martuscello, Acting P. J., dissenting) we affirmed the judgment on the theory that the defendant had already admitted his addiction and had, in effect, waived his right under section 208 of the Mental Hygiene Law to dispute a report finding him addicted. We should do the same here, namely, affirm the judgment.